# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| UNITED STATES OF AMERICA, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| -vs- | ) | Case No. CR-19-12-F |
|  | ) |  |
| JERRY RAY CRAINE, | ) |  |
|  | ) |  |
| Defendant. | ) |  |

## ORDER

Before the court is defendant, Jerry Ray Craine's Motion to Withdraw Guilty Plea, filed August 30, 2019 (doc. no. 31), to which plaintiff, United States of America, has responded in opposition. Upon review of the parties' submissions and the record in this matter, the court finds that the motion should be denied. However, as discussed below, the court finds that a supplemental plea hearing is warranted, and the supplemental plea hearing will be held separate from, and prior to, the sentencing of defendant.

I.

In his motion, defendant requests the court to allow him to withdraw his plea of guilty entered on March 6, 2019. Defendant pled guilty to count 1 of the indictment, which charged him with possession of a firearm by a person convicted of a misdemeanor crime of domestic violence in violation of 18 U.S.C. § 922(g)(9), the penalty for which is found in 18 U.S.C. § 924(a)(2). Defendant's request to vacate his guilty plea is based, he asserts, on the Supreme Court's recent decision in Rehaif v. United States, 139 S.Ct. 2191 (2019). In Rehaif, the Supreme Court held that "in a prosecution under 18 U.S.C. § 922(g) and § 924(a)(2), the Government must prove both that the defendant knew he possessed a firearm and that he knew

he belonged to the relevant category of persons barred from possessing a firearm." *Id*. at 2200. According to defendant, he wishes to withdraw his guilty plea so that he "may contest whether he knew he was prohibited from possessing firearms." Doc. no. 31, p. 5.

## II.

Rehaif does not require the government to prove that defendant knew he was prohibited from possessing a firearm. Defendant's assertion to the contrary is plainly undermined by the Court's unmistakable language in Rehaif. Defendant's motion is, thus, one notch – if that – shy of frivolous. What Rehaif requires is that the government prove that defendant knew "he possessed a firearm" and also that he knew "he had the relevant status when he possessed it." Rehaif, 139 S.Ct. at 2194. In the case at bar, the relevant status is one "who has been convicted in any court of a misdemeanor crime of domestic violence." 18 U.S.C. § 922(g)(9). Thus, plaintiff is required only to prove that defendant knew he had been convicted in any court of a misdemeanor crime of domestic violence at the time he possessed the firearm.

Under Rule 11(d)(2)(B), Fed. R. Crim. P., "[a] defendant may withdraw a plea of guilty . . . after the court accepts the plea, but before it imposes sentence if . . . the defendant can show a fair and just reason for requesting the withdrawal." The defendant "bears the burden of establishing a 'fair and just reason.'" United States v. Hamilton, 510 F.3d 1209, 1214 (10th Cir. 2007) (quoting United States v. Black, 201 F.3d 1296, 1299 (10th Cir. 2000)).

In deciding whether to allow a defendant to withdraw a guilty plea, the court must consider the following seven factors: "(1) whether the defendant has asserted his innocence; (2) whether withdrawal would prejudice the government; (3) whether the defendant delayed in filing his motion, and if so, the reason for the delay; (4) whether withdrawal would substantially inconvenience the court; (5) whether close assistance of counsel was available to the defendant; (6) whether the plea was knowing and voluntary; and (7) whether the withdrawal would waste judicial

2

resources." United States v. Yazzie, 407 F.3d 1139, 1142 (10th Cir. 2005) (quoting United States v. Sandoval, 390 F.3d 1294, 1298 (10th Cir. 2004)). Another factor the court may properly consider for its decision is "the likelihood of conviction." United States v. Carr, 80 F.3d 413, 421 n. 5 (10th Cir. 1996).

III.

Consideration of Relevant Factors

a. Assertion of Innocence

Defendant represents that he wants to withdraw his guilty plea to "contest whether he knew he was prohibited from possessing firearms." Doc. no. 31, p. 5. But the government is required to prove only that defendant knew of his relevant status – convicted in any court of a misdemeanor crime of domestic violence – at the time he possessed the firearm. Defendant has not asserted legal or factual innocence with respect to his knowledge that he had been convicted of a misdemeanor crime of domestic violence at the time he possessed the firearm. Indeed, defendant, through counsel, "admits that he knew he was previously convicted of a misdemeanor crime of domestic violence at the time he knowingly possessed the firearm." Doc. no. 31, p. 5.[1] The court finds that this factor weighs against defendant.

b. Close Assistance of Counsel Available

Throughout these proceedings, including the guilty plea, defendant has been represented by experienced counsel. Defendant specifically represented in his petition to enter plea of guilty that he was satisfied with the services of his counsel.

---

[1] In its response, the government represents that it "wants to confirm that Mr. Craine himself agrees with the representation of his counsel before the Court imposes sentence." Doc. no. 33, p. 7. In light of this and the requirements of Rule 11, Fed. R. Crim. P., and the Rehaif decision, the government "requests that the Court hold a supplemental change-of-plea hearing prior to sentencing." Id. Upon review, the court concludes that a supplemental plea hearing should be held, to ensure that defendant agrees with the representations made by counsel, that he understands the essential elements of the offense (as adjudicated in Rehaif), and that there is a factual basis for his plea.

3

Doc. no. 18, ¶ 10. He also testified during his plea hearing that he was "fully satisfied with the counsel, representation and advice given to [him] . . . by [defense counsel]." Doc. no. 33-1, p. 6. The court thus finds that this factor weighs against defendant.

c. <u>Plea Knowing and Voluntary</u>

There is no indication in the record that defendant's guilty plea was anything but knowingly and voluntarily given. In his plea petition and during his plea hearing, defendant admitted that he knowingly possessed a firearm and that he was previously convicted of a misdemeanor crime of domestic violence. Doc. no. 18, ¶ 48; doc. no. 33-1, p. 12, ll. 10-24. In his motion, defendant admits, through counsel, that he knew he was convicted of a misdemeanor for domestic violence at the time he possessed the firearm. Consequently, the court finds that this factor weighs against defendant.

d. <u>Likelihood of Conviction</u>

In the face of defendant's previous admissions in his plea petition and during his plea hearing and his representations, through counsel, that he knew of his relevant status at the time he possessed the firearm, the court concludes that permitting defendant to withdraw his plea would only result in postponement of the inevitable. The court is convinced that a reasonable jury would find defendant guilty of the crime charged against him. The court therefore finds that this factor weighs against defendant.

e. <u>Remaining Factors</u>

It is not necessary to address the remaining <u>Yazzie</u> factors – prejudice to the government, the timing of defendant's motion, inconvenience to the court, and the waste of judicial resources. Given the court's findings with respect to the other factors, the court concludes quite readily that defendant cannot establish a fair and just reason for withdrawing his guilty plea. And "unless the defendant establishes a fair and just reason for withdrawing his guilty plea," the court need not address the remaining <u>Yazzie</u> factors. <u>Hamilton</u>, 510 F.3d at 1217.

Ruling

In sum, considering the relevant factors, the court finds that defendant has not established a "fair and just reason" for the withdrawal of his guilty plea. The court therefore concludes that defendant's motion should be denied.

IV.

In response to defendant's motion, plaintiff requests a supplemental change-of-plea hearing to confirm that defendant agrees with the representations of counsel and to ensure the requirements of Rule 11, Fed. R. Crim. P. and the Supreme Court's holding in <u>Rehaif</u> are satisfied before the court imposes defendant's sentence. Doc. no. 33, p. 7. As previously stated, the court concludes that a supplemental plea hearing should be held, to ensure that defendant agrees with the representations made by counsel, that he understands the essential elements of the offense (as adjudicated in <u>Rehaif</u>), and that there is a factual basis for his plea. Accordingly, the court will hold a supplemental plea hearing separate from, and prior to, the sentencing of defendant.

V.

Based upon the foregoing, defendant, Jerry Ray Craine's Motion to Withdraw Guilty Plea, filed August 30, 2019 (doc. no. 31), is **DENIED**.

A supplemental plea hearing is hereby set for **October 31, 2019, at 3:30 p.m.** At the conclusion of that hearing, the case will be set for sentencing (if the defendant admits his knowledge of his status at the time he possessed the 9 mm Smith & Wesson) or for jury trial.

IT IS SO ORDERED this 25th day of September, 2019.

STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

19-0012p007 rev_.docx

5